IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRY MARUNDA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3109 |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | MEMORANDUM AND ORDER ON INITIAL REVIEW OF THE PLAINTIFF'S COMPLAINT |
| Defendant. | ) ) | |

The plaintiff, Terry A. Marunda, filed a complaint on May 27, 2009, (see filing 1), and he has been granted leave to proceed in forma pauperis, (see filing 4). I shall now review the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   BACKGROUND

The plaintiff's complaint names the Commissioner of Social Security as the defendant. (See filing 1 at 1.) Generally, the complaint alleges as follows. In August 2003, the plaintiff took a job repairing shopping carts, but pain in his legs and feet forced him to leave this job after only three days. (Id. at 2.) The plaintiff's primary care physician at the Omaha V.A. Hospital referred him to a "foot doctor," who directed the plaintiff to wear inserts in his shoes. (Id.) The plaintiff did not actually receive these inserts until December 2003, however, and he states that the inserts "didn't help me much." (Id.) He adds that his right leg became worse over time. (Id.) The plaintiff returned to the V.A. Hospital, and a different doctor told him that his pain was being caused by a cyst on the back of his right knee. (Id.) Surgery was ordered, but the procedure was not completed until November 2004. In response to questioning from the plaintiff, the surgeon stated that the cyst was not the cause of the pain in the plaintiff's leg. (Id. at 2-3.) The surgeon then referred the plaintiff to "the vascular dept." (Id. at 2-3.) On March 24, 2005, a procedure was performed to locate a "blockage" in the plaintiff's right leg, but this

procedure injured the plaintiff's artery and caused blood clots to form.  (See id. at 3.)  On March 29, 2005, the plaintiff underwent emergency surgery to remove the blood clots, and "[a]fter the surgery the doctor told [the plaintiff that] he '[t]ore [the] leg up to save it.'"  (Id.)

The plaintiff complains that the Social Security Administration wrongly denied his disability claim on the ground that his disability did not occur before March 2004, and he states that he is "being punished for all the delays and wait time at the Omaha V.A. Med. Center."  (Id.)  He also alleges that he has exhausted his administrative remedies.  (See id. at 5.)

## II.   STANDARD OF REVIEW

I am required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  See 28 U.S.C. § 1915(e)(2).  The complaint must be dismissed if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff's allegations must be construed liberally.  E.g., Burke v. North Dakota Department of Corrections and Rehabilitation, 294 F.3d 1043, 1043-33 (8th Cir. 2002); Ross v. Social Security Administration, 949 F.2d 1021, 1022 (8th Cir. 1991).  Nevertheless, if a pro se plaintiff does not set forth allegations sufficient to "nudge[] [the] claims across the line from conceivable to plausible, [the] complaint must be dismissed" for failure to state a claim upon which relief may be granted.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## III.   ANALYSIS

After carefully considering the plaintiff's complaint, I cannot say that it must be dismissed on the ground that it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.  The plaintiff clearly seeks judicial review of the Commissioner of the Social Security Administration's decision to deny the plaintiff's claim for benefits under the Social Security Act.  Also, the complaint alleges that the available administrative remedies have been exhausted, and it appears that the complaint was filed timely.

Because the plaintiff is proceeding in forma pauperis, he is entitled to service of process by the U.S. Marshal, without cost, after the plaintiff completes the forms that will be sent to him by the Clerk of Court.

**IT IS ORDERED** that:

1. The Clerk of Court shall send a copy of this order, together with three summons forms and three USM-285 forms, to the plaintiff. The plaintiff is to complete these forms in accordance with Federal Rule of Civil Procedure 4(i), "Serving the United States, Its Agencies, Corporations, Officers, or Employees."

2. To have the U.S. Marshal serve process, the plaintiff must complete the aforementioned forms as soon as possible and return them to the Clerk of Court. The plaintiff should note that service by the U.S. Marshal cannot occur in the absence of the completed forms and that Federal Rule of Civil Procedure 4(m) requires service of process within 120 days after the filing of a civil complaint.

3. Upon receipt of the completed summons and 285 forms, the Clerk shall sign the summons forms and forward them, along with copies of the complaint, to the U.S. Marshal for service on the United States.

4. The Marshal shall serve the United States without payment of costs or fees. At the Marshal's discretion, service may be made by certified mail.

5. The defendant shall answer or otherwise respond to the complaint and file the administrative record within the 60-day period prescribed by Federal Rule of Civil Procedure 12(a)(3).

Dated June 22, 2009.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge